IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

03  12608 RWZ

WAYNE REGO, Individually, )
and as father and next friend )
of FELICIA ANN REGO, a minor, )
)
Plaintiff, )   Civil Action
v. )   File No:
)
POWDER HORN FAMILY CAMPING )
RESORT, INC. and )
ARCTIC PRODUCTS, INC. MAGISTRATE JUDGE Alexander
)
Defendants. )

**COMPLAINT AND JURY DEMAND**

COMES NOW, Wayne Rego, individually, and as father and next friend of Felicia Ann Rego, a minor, plaintiff in the above-styled action and hereby files his Complaint and show the Court as follows:

**PARTIES AND JURISDICTION**

1.

Plaintiff, Wayne Rego is the father and next friend of Felicia Ann Rego, a minor, and resides at 124 Collette Street, New Bedford, Bristol County, Massachusetts.

2.

Plaintiff, Victoria Rego is the mother and next friend of Felicia Ann Rego, a minor, and resides at 124 Collette Street, New Bedford, Bristol County, Massachusetts.

3.

Based upon information and belief, Defendant Powder Horn Family Camping Resort, Inc. ("Powder Horn") is a Maine corporation which owns, operates, maintains and/or controls

the premises commonly known as Powder Horn Family Camping at Highway 98 in Old Orchard Beach, Maine. Service may be made upon Powder Horn Family Camping Resort, Inc. through its Registered Agent to wit: Jason A. Ahearn, P.O. Box 366, Old Orchard Beach, York County, ME 04064.

4.

Defendant Arctic Products, Inc. ("Arctic") is a Missouri Corporation with a principal place of business located at 1412 Creek Trail Drive, Jefferson City, Missouri. Service may be made upon Arctic Products, Inc. through its Registered Agent to wit: Stephen G. Newman, 601 Monroe, Suite 301, POB 537, Jefferson City, Cole County, Missouri 65102.

5.

The amount in controversy exceeds the sum of Seventy-Five thousand dollars ($75,000.00), exclusive of interest and costs.

6.

This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332.

7.

Venue is proper in the Federal District of Massachusetts pursuant to 28 U.S.C. §1391.

8.

On or about July 31, 2002, the plaintiff was a guest of the Powder Horn Family Camping Resort, Inc. in Old Orchard Beach, Maine.

9.

On or about July 31, 2002, the plaintiff while playing near a fire ring which based upon information and belief was designed, manufactured and/or sold by defendant Arctic and assembled and placed in its location by Defendant Powder Horn, fell into an open fire suffering severe burns.

10.

The defendant, Powder Horn Family Camping Resort, Inc. was negligent and careless in the design, placement, assembly of the fire ring in that it failed to exercise reasonable care to eliminate avoidable and foreseeable dangers associated with the fire ring's use. The defendant was negligent in that it: failed to maintain its premises in a reasonably safe manner, failed to warn of dangers associated with the use of the premises, and breached its duty of care to plaintiff.

11.

The defendant, Arctic Products, Inc. was negligent and careless in the design, manufacture, assembly and sale of its fire ring in that it failed to exercise reasonable care to eliminate avoidable and foreseeable dangers associated with it's use. The defendant was negligent in that it: failed to incorporate adequate safety measures to keep the product safe for use; failed to adequately warn against the foreseeable danger of use; and failed to instruct on the proper use and inspection of the product. All of these deficiencies rendered the fire ring defective and unreasonably dangerous.

12.

The defendant, Powder Horn Family Camping Resort, Inc. warranted that its grounds were fit for its intended use, fit for a particular purpose, and habitable by guests. The defendant breached these warranties, including the implied warranty of habitability.

13.

The defendant, Arctic Products, Inc. warranted that its product was fit for its intended use, fit for a particular purpose, merchantable and defect-free. The defendant breached its warranties in that its fire ring was defective, not fit for its intended use, not merchantable, and not fit for its particular purpose.

14.

By its breach of warranties, the defendant, Powder Horn Family Camping Resort, Inc. has violated Massachusetts General Laws, Chapter 93A.

15.

By its breach of warranties, the defendant, Arctic Products, Inc. has violated Massachusetts General Laws, Chapter 93A.

16.

As a direct and proximate result of the defendant Powder Horn Family Camping Resort, Inc.'s negligence and breach of warranties and Chapter 93A violations, Felicia Ann Rego, a minor, has suffered burns over sixteen percent of her body, and will continue to suffer great pain of body and anguish of

mind; her ability to work, to earn income and to perform her usual activities has been restricted; her health has been impaired; and her ability to enjoy a normal life has been adversely affected.

17.

As a result of the defendant, Arctic Products, Inc.'s negligence and breach of warranties and Chapter 93A violations, Felicia Ann Rego, a minor, has suffered burns over sixteen percent of her body and will continue to suffer great pain of body and anguish of mind in the past, present and into the future; her ability to work, to earn income and to perform her usual activities has been restricted; her health has been impaired; and her ability to enjoy a normal life has been adversely affected.

18.

Plaintiff Wayne Rego has been required to spend sums of money for medical care and treatment in the past, present and into the future on behalf of his daughter, Felicia Ann Rego.

## COUNT I-NEGLIGENCE

### POWDER HORN FAMILY CAMPING RESORT, INC.

19.

Plaintiff restates, repeats, and incorporates by reference those allegations contained in paragraphs one (1) through eighteen (18) as if fully set forth in their entirety.

20.

This is a claim for negligence, failure to warn and breach of duty in the design, placement, assembly of defendant, Powder Horn Family Camping Resort, Inc.'s fire ring, which resulted in injuries to the plaintiff.

### COUNT II-BREACH OF WARRANTIES
### POWDER HORN FAMILY CAMPING RESORT, INC.

21.

Plaintiff restates, repeats, and incorporates by reference those allegations contained in paragraphs one (1) through twenty (20) as if fully set forth in their entirety.

22.

This is a claim for breach of warranties against defendant, Powder Horn Family Camping Resort, Inc. which resulted in injuries to the plaintiff.

### COUNT III-CHAPTER 93A CLAIM
### POWDER HORN FAMILY CAMPING RESORT, INC.

23.

Plaintiff restates, repeats, and incorporates by reference those allegations contained in paragraphs one (1) through twenty-two (22) as if fully set forth in their entirety.

24.

This is a claim against the defendant, Powder Horn Family Camping Resort, Inc. for its negligence and breach of warranties which constitute violations of Chapter 93A.

WHEREFORE, plaintiff demands judgment against the defendant, Powder Horn Family Camping Resort, Inc. in an amount to be shown at trial to fully and completely compensate him and his daughter for the injuries Felicia Ann Rego sustained as a result of the negligent conduct of defendant, Powder Horn Family Camping Resort, Inc., plus interest, costs and reasonable attorney's fees.

### COUNT IV-NEGLIGENCE
### ARCTIC PRODUCTS, INC.

25.

Plaintiff restates, repeats, and incorporates by reference those allegations contained in paragraphs one (1) through twenty-four (24) as if fully set forth in their entirety.

26.

This is a claim for negligence in the design, manufacture and sale of defendant, Arctic Products, Inc.'s fire ring, which resulted in injuries to the plaintiff.

### COUNT V-BREACH OF WARRANTIES
### ARCTIC PRODUCTS, INC.

27.

Plaintiff restates, repeats, and incorporates by reference those allegations contained in paragraphs one (1) through twenty-six (26) as if fully set forth in their entirety.

28.

This is a claim for breach of warranties against defendant, Arctic Products, Inc., which resulted in injuries to the plaintiff.

### COUNT VI-CHAPTER 93A CLAIM
### ARCTIC PRODUCTS, INC.

29.

Plaintiff restates, repeats, and incorporates by reference those allegations contained in paragraphs one (1) through twenty-eight (28) as if fully set forth in their entirety.

30.

This is a claim against the defendant, Arctic Products, Inc. for its negligence and breach of warranties which constitute violations of Chapter 93A.

WHEREFORE, plaintiff demands judgment against the defendant, Arctic Products, Inc., in amount to be determined by this Honorable Court to fully and completely compensate him and his daughter for the serious injuries Felicia Ann Rego sustained as a result of the negligent conduct of defendant, Arctic Products, Inc., plus interest, costs and reasonable attorney's fees.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL COUNTS**

        Respectfully submitted,
        Wayne Rego, individually, and as father
        and next friend of Felicia Ann Rego, a
        minor
        By their attorney,

        LAW OFFICES OF JEFFREY S. GLASSMAN, L.L.P.

        _/s/ Neil S. Cohen_
        NEIL S. COHEN, BBO NO. 561173
        One Beacon Street
        Suite 3333
        Boston, MA 02108
        (617) 367-2900

Dated: 11/5/03