UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WAYNE REGO, Individually, and as father and next friend of FELICIA ANN REGO, a minor<br>    Plaintiffs,<br><br>vs.<br><br>POWDER HORN FAMILY CAMPING RESORT, INC. and ARCTIC PRODUCTS, INC.<br>    Defendants. | ) ) ) ) ) ) ) ) ) Civil Action No.: 03 CV 12608 RWZ ) ) ) ) ) ) ) |

## ANSWER OF THE DEFENDANT, ARCTIC PRODUCTS, INC.,[1] TO THE COMPLAINT OF THE PLAINTIFF, WAYNE REGO

### PARTIES AND JURISDICTION

1. The defendant, Arctic Products, Inc. ("Arctic Products"), is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

2. Arctic Products is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint.

---

[1] The defendant Arctic Products, Inc. is improperly named. The name of the proper defendant is Arctic Products of Jefferson City, LLC d/b/a Arctic Products.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

3. Arctic Products is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4. Arctic Products admits the allegations set forth in paragraph 4 of the Complaint.

5. Arctic Products is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6. Arctic Products states that paragraph 6 of the Complaint is a conclusion of law, and, therefore, no answer is required. To the extent that any answer is required, however, Arctic Products denies the allegations set forth in paragraph 6 of the Complaint.

7. Arctic Products states that paragraph 7 of the Complaint is a conclusion of law, and, therefore, no answer is required. To the extent that any answer is required, however, Arctic Products denies the allegations set forth in paragraph 7 of the Complaint.

8. Arctic Products is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9. Arctic Products is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. Arctic Products states that paragraph 10 of the Complaint does not apply to it and, therefore, no answer is required.

11. Arctic Products denies the allegations set forth in paragraph 11 of the Complaint.

12. Arctic Products states that paragraph 12 of the Complaint does not apply to it and, therefore, no answer is required.

13. Arctic Products denies the allegations set forth in paragraph 13 of the Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

14. Arctic Products states that paragraph 14 of the Complaint does not apply to it and, therefore, no answer is required.

15. Arctic Products denies the allegations set forth in paragraph 15 of the Complaint.

16. Arctic Products states that paragraph 16 of the Complaint does not apply to it and, therefore, no answer is required.

17. Arctic Products denies the allegations set forth in paragraph 17 of the Complaint.

18. Arctic Products is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

## COUNT I – NEGLIGENCE
## POWDER HORN FAMILY CAMPING RESORT, INC.

19. - 20. Arctic Products states that Count I of the Complaint does not apply to it and, therefore, no answer is required.

## COUNT II – BREACH OF WARRANTIES
## POWDER HORN FAMILY CAMPING RESORT, INC.

21. - 22. Arctic Products states that Count II of the Complaint does not apply to it and, therefore, no answer is required.

## COUNT III – CHAPTER 93A CLAIM
## POWDER HORN FAMILY CAMPING RESORT, INC.

23. - 24. Arctic Products states that Count III of the Complaint does not apply to it and, therefore, no answer is required.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

### COUNT IV – NEGLIGENCE
### ARCTIC PRODUCTS, INC.

25. Arctic Products adopts by reference its answers to the allegations set forth in paragraphs 1 – 24 of the Complaint.

26. Arctic Products denies the allegations set forth in paragraph 26 of the Complaint.

WHEREFORE, Arctic Products moves that Count IV of the plaintiff's Complaint be dismissed and that judgment enter for Arctic Products together with costs and reasonable attorney's fees.

### COUNT V – BREACH OF WARRANTIES
### ARCTIC PRODUCTS, INC.

27. Arctic Products adopts by reference its answers to the allegations set forth in paragraphs 1 – 26 of the Complaint.

28. Arctic Products denies the allegations set forth in paragraph 28 of the Complaint.

WHEREFORE, Arctic Products moves that Count V of the plaintiff's Complaint be dismissed and that judgment enter for Arctic Products together with costs and reasonable attorney's fees.

### COUNT VI – CHAPTER 93A CLAIM
### ARCTIC PRODUCTS, INC.

29. Arctic Products adopts by reference its answers to the allegations set forth in paragraphs 1 – 28 of the Complaint.

30. Arctic Products denies the allegations set forth in paragraph 30 of the Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

WHEREFORE, Arctic Products moves that Count VI of the plaintiff's Complaint be dismissed and that judgment enter for Arctic Products together with costs and reasonable attorney's fees.

### FIRST DEFENSE

The Complaint was not brought within the time period permitted by the applicable statutes of limitation; and, therefore, the plaintiff is barred from recovery from Arctic Products.

### SECOND DEFENSE

The damages alleged by the plaintiff resulted from the negligent act(s) or failure(s) to act of a party(ies) for whose negligent act(s) or failure(s) to act Arctic Products is not responsible.

### THIRD DEFENSE

The damages complained of were caused in whole or in part by the negligence of the plaintiff, Wayne Rego, and Felicia Ann Rego, which negligence was equal to or greater than that of Arctic Products, if any, whereby the plaintiff is barred from recovery from Arctic Products, in whole or in part, or such recovery is subject to diminution.

### FOURTH DEFENSE

Even if Arctic Products was negligent or in breach of warranty, which it denies, then such negligence was not the proximate cause of any alleged damages but said damages were the result of an intervening and superseding cause over which Arctic Products had no control.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

## FIFTH DEFENSE

The process and service of process in this action were improper and insufficient.

## SIXTH DEFENSE

This Court lacks jurisdiction over Arctic Products; wherefore, the plaintiff may not maintain this action against Arctic Products.

## SEVENTH DEFENSE

The plaintiff has failed to state a cause of action upon which relief could be granted and, therefore, the Complaint should be dismissed.

## EIGHTH DEFENSE

The damages alleged were caused in whole or in part by the violation by a party(ies) of the various statutes, ordinances and regulations governing the conduct of the party(ies) at the time said injuries and damages were sustained, for which Arctic Products is not responsible.

## NINTH DEFENSE

Arctic Products denies that there was a defect or negligence as referred to in the Complaint, but if there was any defect or negligence as alleged, then Arctic Products is not liable as it justifiably relied upon inspection by others in the regular course of trade and business.

## TENTH DEFENSE

If any party suffered any damages as alleged, then said damages were proximately caused by substantial, material and unforeseeable changes in any product manufactured by Arctic

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

Products (which manufacture it denies) by the plaintiff or others for which Arctic Products may not be held liable.

### ELEVENTH DEFENSE

The plaintiff failed to give notice of the alleged breach of warranty within a reasonable time as required by statute resulting in undue prejudice to Arctic Products, and, therefore, the plaintiff cannot recover against Arctic Products.

### TWELFTH DEFENSE

The plaintiff and/or others for whose actions Arctic Products may not be held liable abused, misused and/or made unreasonable use of the product and this abuse, misuse, and/or unreasonable use was the proximate cause of any party's damages.

### THIRTEENTH DEFENSE

The plaintiff's claims are barred by the doctrine of laches.

### FOURTEENTH DEFENSE

The plaintiff has failed to mitigate his/her damages, if any, in a reasonable manner.

**THE DEFENDANT, ARCTIC PRODUCTS, INC., DEMANDS A TRIAL BY JURY ON ALL COUNTS AND ON ALL ISSUES IN THE PLAINTIFF'S COMPLAINT AND ITS ANSWER.**

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

Respectfully submitted,

*Beth Brennan O'Donnell*
Michael W. Gallagher
BBO #: 183400
Beth Brennan O'Donnell
BBO #: 655538
Gallagher & Cavanaugh, LLP
Boott Cotton Mills
100 Foot of John Street
Lowell, MA 01852
(978) 452-0522
Attorneys for the Defendant,
Arctic Products, Inc.

Dated: 3-31-04

I HEREBY CERTIFY THAT ON 3-31-04 I SERVED THE FOREGOING ON ALL COUNSEL OF RECORD.

*Beth Brennan O'Donnell*

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

8