THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WAYNE REGO, Individually, ) <br> and as father and next friend ) <br> of FELICIA ANN REGO, a minor, ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> POWDER HORN FAMILY CAMPING ) <br> RESORT, INC., and ) <br> ARCTIC PRODUCTS, INC. ) <br>  ) <br> Defendants. ) <br>  ) | Civil Action No: 03-12608RWZ |

**DEFENDANT POWDER HORN FAMILY CAMPING RESORT, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND, IN THE ALTERNATIVE, MOTION TO DISMISS ON THE GROUNDS OF FORUM NON CONVENIENS**

**INTRODUCTION**

Now comes the defendant Powder Horn Family Camping Resort, Inc. ("Powder Horn") and hereby submits this memorandum of law in support of its motion to dismiss the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) for lack of personal jurisdiction and failure to state a claim upon which relief can be granted. In the alternative, Powder Horn moves to dismiss plaintiff's complaint on the grounds of forum non conveniens pursuant to M.G.L. c. 223A, Sec. 5.

**FACTS RELEVANT TO MOTION TO DISMISS[1]**

This case arises out of an alleged incident on July 31, 2002 whereby the plaintiff's minor child sustained injuries when she fell into a campfire at a camp site on the

---

[1] The allegations set forth by plaintiff are taken as true for purposes of this motion only.

campgrounds of the defendant Powder Horn in Old Orchard Beach, Maine. The lawsuit was filed by Wayne Rego ("plaintiff") in his individual capacity and as father and next friend of his daughter, Felicia Ann Rego. (Plt.'s Complaint). The plaintiff alleges in his complaint that he and his daughter are both residents of New Bedford, Massachusetts. (Id.) (The defendant, Powder Horn Family Camping Resort, Inc. ("Powder Horn"), is a Maine corporation with its only place of business in Old Orchard Beach, Maine. (Affidavit of David Ahearn ("Ahearn Aff."), 2). Powder Horn does not transact nor solicit business in Massachusetts. (Ahearn Aff., 3). All of the corporate officers of Powder Horn are residents of Maine. (Ahearn Aff., 4). Powder Horn was and has never been registered to do business in Massachusetts. (Ahearn Aff., 5). Powder Horn has never paid any taxes in Massachusetts, nor has it appointed an agent for service of process in Massachusetts. (Ahearn Aff., 5, 6). Powder Horn maintains no offices, campgrounds or other places of business in Massachusetts. (Ahearn Aff., 7). Powder Horn has never maintained any bank accounts in Massachusetts. (Ahearn Aff., 8). In addition, Powder Horn does not mail brochures or other promotional material directly to persons in Massachusetts, unless specifically requested by a resident of the Commonwealth.[2] (Ahearn Aff., 9). With respect to the plaintiff, Wayne Rego, Powder

---

[2]In the past several years, Powder Horn's campgrounds were listed in several national campground publications. However, it is well established that a defendant's listing in a nation-wide publication is not enough to establish "minimum contacts" in Massachusetts and is not sufficient to constitute "transacting business" in Massachusetts under the meaning of Section 3(a) of the long arm statute. See Bennett v. Jack Dennis Whitewater Trips, 925 F. Supp. 889 (D. Mass. 1996) citing Sawtelle v. Farrell, 70 F. 3d 1381, 1389, 1393 (1st Cir. 1995)(non resident law firm's listing in a nationally-available publication failed to demonstrate "purposeful availment" of benefits and protections of the forum state's law); see also Droukas v. Divers Training Academy, Inc., 375 Mass. 149 (1978)(Supreme Judicial Court of Massachusetts held that foreign defendant's placement of advertisement in national magazine distributed in Massachusetts was insufficient as a matter of law to constitute a transaction of business in Massachusetts under the long arm statute). See Arguments I(B) and I(C) infra.

2

Horn did not initiate any telephone or other contact with the plaintiff at any time prior to the incident alleged in his complaint. (Ahearn Aff., 10). Furthermore, Powder Horn did not enter into any contract with the plaintiff in Massachusetts. (Ahearn Aff., 11).

## ARGUMENT

I. **The Court Lacks Personal Jurisdiction Over the Defendant Powder Horn.**

Legal Standard

It is well established that a Massachusetts court lacks the authority to exercise *in personam* jurisdiction over a non-resident defendant unless it can be shown that: (1) jurisdiction is authorized by the Massachusetts long-arm statute; and (2) the exercise of jurisdiction under the long arm statute is consistent with the due process requirements mandated by the United States Constitution. Bond Leather Co. v. Q.T. Shoe Mfg. Co., 760 F.2d 928, 931 (1st Cir. 1985).

It is also well established that the plaintiff bears the burden of establishing sufficient facts on which to predicate personal jurisdiction over the defendant. Cunningham v. Ardrox, Inc., 40 Mass. App. Ct. 279 (1996) citing Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994). The prima facie showing of personal jurisdiction must be based on evidence of specific facts set forth in the record. Noonan v. Colour Library Books, Ltd., 947 F. Supp. 564, 568 (D. Mass. 1996), *aff'd* 135 F. 3d 85 (1st Cir. 1998). To meet this burden, plaintiff cannot rest upon the pleadings, but is obliged to make a prima facie showing of specific facts to support jurisdiction. Foster-Miller, Inc. Babcock & Wilcox Canada, 46 F. 3d 138, 145 (1st Cir. 1995). When confronted with a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating sufficient facts to establish jurisdiction. Gray v. O'Brien, 777 F.2d 864, 866 (1st Cir.

3

1985); Catrone v. Ogden Suffolk Downs, Inc., 667 F.Supp. 850, 856 (D. Mass. 1986); Morrill v. Tong, 390 Mass. 120, 129 (1983). In meeting this burden, the plaintiff must go beyond the allegations of the pleadings and present affirmative evidence to substantiate the existence of jurisdiction. Chlebda v. H.E. Fortna & Brother, Inc., 609 F.2d 1022, 1024 (1st Cir. 1979). Because questions of personal jurisdictional involve detailed examination of the particular circumstances of each case, facts of jurisdictional significance must be set forth at some length. Merced v. JLG Industries, Inc., 170 F. Supp. 2d 65, 71 (D. Mass. 2001), citing Nowak v. Tak How Inv. Ltd., 899 F. Supp. 25, 71 (D. Mass. 1995). Although the Court must deem specific facts alleged by the plaintiff as true, the Court is not required to accept conclusory allegations or draw farfetched inferences. Workgroup Technology Corp., 246 F. Supp. 2d 102, 108 (D. Mass. 2003).

> A. The plaintiff fails to allege any basis for asserting personal jurisdiction over the defendant Powder Horn and, therefore, his complaint should be dismissed for lack of personal jurisdiction and failure to state a claim upon which relief can be granted pursuant to Fed. R.Civ. P. 12(b)(2) and 12(b)(6).

In the instant case, the plaintiff's complaint fails to allege any basis for asserting personal jurisdiction over Powder Horn. Plaintiff's sole basis for asserting subject matter jurisdiction over Powder Horn is diversity of citizenship. Plaintiff's complaint, therefore, fails to state a claim upon which relief can be granted and is subject to dismissal on those grounds alone. Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 8(a)(1); U.S. v. Swiss American Bank, Ltd., 191 F. 3d 30 (1st Cir. 1999); Abdullah v. Acands, 30 F.3d 264 (1st Cir. 1994); Bearse v. Main Street Investments, 170 F. Supp. 2d 107 (D. Mass. 2001).[3]

---

[3] Presumably, if plaintiff were allowed to amend his complaint, which Powder Horn would vehemently oppose, he would contend personal jurisdiction exists over Powder Horn pursuant to M.G.L. c. 223A, Section 3. As is discussed in Part B below, said argument is not supported by the facts or case law, and, as such, even a properly plead amended complaint would be subject to dismissal.

4

### B. The defendant Powder Horn is not subject to personal jurisdiction under the Massachusetts long arm statute.

Even if plaintiff were permitted to amend his complaint to contend personal jurisdiction, the facts and case law do not support a finding of personal jurisdiction over Powder Horn. The Massachusetts long arm statute, M.G.L. 223A, Section 3, allows the assertion of jurisdiction over a non-resident in causes of action arising from the person:

a) transacting any business in this commonwealth;
b) contracting to supply services or things in this commonwealth;
c) causing tortious injury by an act or omission in this commonwealth;
d) causing tortious injury in this commonwealth by an act or omission outsider the commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue form goods used or consumed or services rendered in this commonwealth. . . .

M.G.L. c. 223A, Section 3. The plaintiff has the burden of proving that Powder Horn's conduct falls within one of the above sections (a-d). In the instant case, none of the above apply to the conduct of Powder Horn.

First, the plaintiff's claims did not arise out of Powder Horn's transaction of business in Massachusetts as set forth in part (a) above. In order to meet the "transaction of business" prong of the long arm statute, the plaintiff must show that Powder Horn transacted business in Massachusetts and the plaintiff's claim must have arisen from Powder Horn's transaction of such business. Merced, supra at 71, citing Tatro, supra at 767. "The "transacting business" test under section 3(a) is designed to identify deliberate, as distinguished for fortuitous, contacts with the forum by the nonresident party" with a view to determining the need to invoke the benefits and protections of the forum's laws. Lyle Richards International, Ltd. Ashworth, Inc., 132 F. 3d 111, 112 (1st Cir. 1997), citing Good Hope Indus., Inc. v. Ryder Scott Co., 378 Mass. 1. (1979). "Often, the 'transacting business' test is importantly informed by ascertaining whether

5

the nonresident party initiated or solicited the business transaction in Massachusetts." Id. at 113.

In the instant case, there is no evidence that Powder Horn transacted business within the Commonwealth. Powder Horn is not and has never been registered to do business in Massachusetts. Powder Horn has never paid any taxes in Massachusetts, nor has it ever appointed an agent for service of process in Massachusetts. Powder Horn has never maintained offices, campgrounds or other places of business in the Commonwealth. Powder Horn has never had a Massachusetts telephone number, bank account, or Post Office box in the Commonwealth. In addition, Powder Horn does not mail brochures or other promotional material directly to the Commonwealth, unless contacted by a Massachusetts resident and specifically requested to do so. Furthermore, Powder Horn did not enter into any contract with the plaintiff in Massachusetts. The only written agreement between the plaintiff and the defendant was created and executed in Maine upon plaintiff's arrival and check-in at the campgrounds. In addition, Powder Horn never initiated any contact, by telephone, mail, or otherwise with the plaintiff.[4]

---

[4] Even if plaintiff contacted Powder Horn by telephone from Massachusetts to make arrangements to stay at the campgrounds, courts have consistently held that a telephone call from a Massachusetts plaintiff to a foreign defendant is an isolated transaction that would not confer jurisdiction over the defendant. See Intech, Inc. v. Triple "C" Marine Salvage, Inc., 2003 WL 194530 (Massachusetts Appellate Division)(A copy is attached hereto), citing Droukas v. Divers Training Academy, Inc. 375 Mass. 149 (1978); See also Shannon v. Clark, 2000 WL 33170998(Superior Court of Massachusetts, Cratsley, J.)(holding that single telephone call by Massachusetts plaintiff to foreign defendant would not constitute "transacting business")(A copy is attached hereto). In Droukas, the Supreme Judicial Court of Massachusetts ("SJC") held that a telephone call from the plaintiff to the foreign defendant, coupled with the fact that the foreign defendant advertised in a national publication distributed in Massachusetts and mailed correspondence to the Massachusetts' plaintiff did not constitute transacting business in Massachusetts as a matter of law. Droukas, supra at 153. C.f. Tatro v. Manor Care, Inc., 415 Mass. 763, 768 (1994)(SJC held that foreign defendant transacted business in Massachusetts by soliciting and obtaining meeting and convention business from at least ten Massachusetts businesses, by maintaining telephone and mail contact with them, and entering into an agreement to provide plaintiff with a hotel accommodation). In the instant case, there is no legal or factual basis to support a contention that Powder Horn transacted business in Massachusetts.

6

Therefore, because there are no facts which would support an allegation that Powder Horn transacted business within the commonwealth, the plaintiff fails to establish personal jurisdiction over Powder Horn pursuant to Section 3(a) of the Massachusetts long arm statute.

The remainder of the sections (b-d) under M.G.L. c. 223A, Section 3 are not applicable upon the facts in this case. The plaintiff does not allege that Powder Horn contracted to supply services or things in Massachusetts and, therefore, part (b) is not relevant upon the facts in this case. Likewise, parts (c) and (d) above do not apply in this case because the plaintiff does not allege that Felicia Ann Rego suffered personal injuries while in Massachusetts and the personal injuries alleged by the plaintiff arose out of events occurring in Maine, not Massachusetts. The plaintiff's complaint does not allege that Powder Horn caused injury by acts or omissions in Massachusetts, nor does the complaint allege that the injuries were sustained in Massachusetts.

For the reasons set forth above, because Powder Horn cannot be found to transact business in Massachusetts, the long arm statute does not confer personal jurisdiction over Powder Horn.

> C. Assuming *arguendo*, that the plaintiff could establish jurisdiction under the long arm statute, the exercise of personal jurisdiction over Powder Horn would nevertheless be improper and inconsistent with constitutional due process requirements.

"In Massachusetts, a court may exercise personal jurisdiction over a foreign defendant if such jurisdiction is authorized by state statute or rule *and* its exercise does not offend due process." United Electric Workers v. 163 Pleasant Street Corp., 960 F. 2d 1080, 1086 (1st Cir. 1992). Assuming *arguendo* that the long arm statute conferred

7

jurisdiction, which Powder Horn specifically denies, the exercise of personal jurisdiction over Powder Horn would nevertheless be improper and inconsistent with due process requirements. "Due Process requires that a defendant must have 'certain minimum contacts" with the forum state in order to be subject to personal jurisdiction." Freedom Wireless, Inc. v. Boston Communications Group, Inc., 218 F. Supp. 2d 19, 23 (D. Mass. 2002) quoting Int'l Shoe Co v. Washington, 326 U.S. 310, 316 (1984). Due process requires that a defendant should not be haled into a jurisdiction "solely as a result of random, fortuitous, or attenuated contacts." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Rather, jurisdiction may only be exercised when the defendant acts in some way as to "purposely avail[] itself of the privilege of conducting business activities within the forum State, thus invoking the benefits and protections of its laws." Id. The ultimate question is whether the "defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). In addition, the assertion of jurisdiction over the defendant must not offend "traditional notions of fair play and substantial justice." Int'l Shoe, supra at 316. "In practical terms, this means that an assertion of jurisdiction must be tested for its reasonableness, taking into account such factors as the burden on the defendant of litigating in the plaintiff's chosen forum, the forum State's interest in adjudicating the dispute, and the plaintiff's interest in obtaining relief." Tatro, supra at 773.

In the instant case, there is no evidence of minimum contacts between Powder Horn and Massachusetts. See Argument IB, supra. Furthermore, the plaintiff's claim did not arise as a result of affirmative efforts by Powder Horn to promote its campgrounds in

8

Massachusetts, but only after the plaintiff entered Maine and decided to utilize the defendant's campgrounds there. See Bennett, supra at 897 (noting that the defendant's and plaintiff's paths crossed not as a result of the defendant affirmatively promoting its rafting business in Massachusetts, but rather because plaintiff entered Wyoming and participated in rafting excursion there). In the instant case, if there was any contact at all in Massachusetts between the plaintiff and Powder Horn, it was initiated by the plaintiff and such unilateral act would not be enough to constitute "purposeful availment" of the defendant to Massachusetts. "[T]he mere unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state." World-Wide Volkswagen, v. Woodson, 444 U.S. 286, 298 (1980).

Because the plaintiff can proffer no evidence that Powder Horn "purposefully availed itself of the privilege of conducting activities within Massachusetts and, therefore, the plaintiff's complaint against Powder Horn should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

II.  **In the Alternative, The Court Should Dismiss This Action on the Grounds of Forum Non Conveniens.**

In the alternative, if the Court finds that there is evidence sufficient to exercise personal jurisdiction over the defendant Powder Horn, this action should be dismissed pursuant to M.G.L. 223A, Section 5, on the grounds of forum non conveniens.

When a defendant moves for dismissal on forum non conveniens grounds, it bears the burden of showing both that an adequate alternative forum exists and that considerations of convenience and judicial efficiency strongly favor litigating the claim in the alternative forum. Iragorri v. International Elevator, Inc., 203 F. 3d 8, 12 (1st Cir. 2000). Courts generally deem the first requirement satisfied if the alternative forum

9

addresses the types of claims that the plaintiff has brought and that the defendant is amendable to service of process there. Id. In the instant case, there is no dispute that Maine provides a forum in which plaintiff's claims can be addressed. In addition, Powder Horn is amenable to accepting service of process if this Court dismisses the Massachusetts action and plaintiff files a lawsuit in Maine. Therefore, the first requirement of defendant's burden is satisfied.

In order to satisfy the second requirement, the defendant must show that both private and public interests strongly favor dismissal. Id. Importantly, the domestic residence of the parties is not decisive in requiring courts to assume jurisdiction of a cause and the fact that the plaintiff is a resident of Massachusetts does not shield him or her from the policy considerations underlying the doctrine of forum non conveniens and does not necessarily shield the plaintiff from operation of that doctrine. New Amsterdam Casualty Company v. Estes et al., 353 Mass. 90, 97-98 (1967). Rather, the basis of the inquiry will be whether justice can be as well done here as in another jurisdiction to which parties may have access. Id. at 97, citing Universal Adjustment Corp. v. Midland Bank, Ltd., 281 Mass. 303 (1933).

Considerations relevant to the litigants' private interests include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling, and the costs of obtaining attendance of willing, witnesses; and, (3) the possibility of the view of the premises, where appropriate. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947). "Evaluating private interests also require the trial judge to pay heed to 'all other practical problems that made trial of a case easy, expeditious and inexpensive.'" Iragorri, supra at 12 quoting Gilbert, supra at 508.

Factors relevant to the public interest include such things as: (1) the administrative difficulties and docket congestion; (2) the general goal of "having localized controversies decided at home," and ease of access to the proceedings on the part of interested citizens; and, (3) the trier's relative familiarity with the appropriate rules of decision and the burdens of jury duty. Iragorri, supra at 508-509. The Massachusetts Supreme Judicial Court has held that administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. New Amsterdam Casualty Co., supra at 444. Likewise, jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. Id. "There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself." Id.

In the instant case, Maine is a much more appropriate forum for the litigation based upon both the public and private interests. The plaintiff's claim concerns an accident whereby his unsupervised minor child fell into a campfire on Powder Horn's campgrounds in Old Orchard Beach, Maine. All of the matters complained about in the plaintiff's complaint occurred in Maine. The case is controlled by Maine law. The majority of the sources of proof, including the site where the accident occurred, are in Maine. The officers and employees of Powder Horn, who are likely witnesses are in Maine. In addition, witnesses such as the state fire marshal, police, fire department, and other state regulatory agencies which are likely to be called as witnesses and testify regarding the laws, regulations, and practices and procedures with respect to campground

11

safety are all in Maine. In addition, the emergency personnel and medical providers who initially responded to the accident are in Maine. With the exception of the plaintiff's testimony and perhaps several of the child's medical providers, the pertinent witnesses are in Maine or elsewhere in the greater New England area.

Furthermore, the factors demonstrating the greater convenience of Maine courts outweigh any interest of the federal court in Massachusetts in this action. As stated above, Maine law will control the substantive issues in this case. This case was filed in this federal court solely on the basis of diversity jurisdiction and plaintiff's complaint raises no federal questions on its merits. The course of adjudication in Massachusetts federal court might be beset with conflict of laws problems all avoided if the case were litigated in Maine where the accident occurred. Judicial efficiency and economy will be better served by having this matter litigated in Maine rather than further congesting the federal court docket in Massachusetts with a matter that does not involve any federal question and is controlled by Maine law.

Moreover, it is in the public interest to have the issues raised in plaintiff's complaint decided by a jury of Maine residents. Maine residents have a local interest in the standards of care and safety which are applied to the use of Maine campgrounds and recreation areas. A jury of Maine residents have a vested interest in the outcome of litigation concerning the safety of its campgrounds and are likely more familiar than a jury convened in federal court in Boston, Massachusetts with the issues raised in this controversy. The regulations and safety of the Maine recreation campgrounds and parks are matters of public concern that will tend to be of greater importance to the citizens of Maine rather than a jury of Massachusetts residents convened in Boston. See Minnis v.

Peebles, 24 Mass. App. Ct. 467, 471 (1987)(noting traffic laws of Bermuda are of greater significance to citizens of Bermuda than Massachusetts residents); See also Gulf Oil, supra at 509(recognizing that jury duty is burden that ought not be imposed upon people of a community which has no relation to the litigation); Iragorri, supra at 12(discussing general goal of "having localized controversies decided at home," and "ease of access to the proceedings on the part of interested citizens").

For all of the reasons set forth above, the convenience, efficiency and fairness of this litigation strongly favors a trial in Maine and, therefore, this Court should dismiss plaintiff's complaint on the grounds of forum non-conveniens.

## CONCLUSION

For the reasons set forth above, Powder Horn respectfully request that this Court dismiss the plaintiff's complaint against it for lack of personal jurisdiction. In the alternative, the plaintiff's complaint should be dismissed on the grounds of forum non conveniens.

Respectfully submitted,

Powder Horn Family Camping Resort, Inc.
Defendant,
By its attorneys,

*/s/ Virginia Connelly*

John J. Ryan, Jr. BBO#
Virginia W. Connelly, BBO#
Ryan, Coughlin & Betke, LLP
175 Federal Street
Boston, MA 02145
(617) 988-8050

## CERTIFICATE OF SERVICE

I, Virginia W. Connelly, hereby certify that on April 28, 2004, I served a copy of the within document upon the plaintiff by serving its counsel first class mail, postage prepaid to: Neil S. Cohen, Law offices of Jeffrey S. Glassman, LLP, One Beacon Street, Suite 3333, Boston, MA 02108; Beth B. O'Donnell, Michael W. Gallagher, Gallagher & Cavanaugh LLP, Boott Cotton Mills, 100 Foot of John Street, Lowell, MA 01852.

*/s/ Virginia Connelly*
Virginia W. Connelly